UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PAUL FRIERSON,

        Plaintiff,

v.                                                            Case No. 18-C-1229

JEAN LUTSEY,
SGT. SEGERSTROM, and
SGT. COOK,

        Defendants.

## SCREENING ORDER

Plaintiff Paul Frierson, who is representing himself, filed a civil rights complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights by disregarding his physical disability. ECF No. 1. He also filed a motion seeking leave to proceed without prepayment of the filing fee. ECF No. 2.

This case is currently assigned to U.S. Magistrate Judge Nancy Joseph; however, because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was randomly referred to a U.S. District Court judge for the limited purpose of screening the complaint.

**MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

The Prison Litigation Reform Act applies to this case because Plaintiff was incarcerated when he filed his complaint. 28 U.S.C. § 1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without prepaying the civil case filing fee as long as he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28

U.S.C. § 1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow him to pay the balance of the $350 filing fee over time through deductions from his prisoner account. *Id.*

On April 26, 2018, the court ordered Plaintiff to pay an initial partial filing fee of $6.57. ECF No. 6. Plaintiff paid that fee on August 24, 2018. Therefore, the court will grant Plaintiff's motion for leave to proceed without prepayment of the filing fee. ECF No. 2. Plaintiff must pay the remainder of the filing fee over time in the manner explained at the end of this order.

### SCREENING THE PLAINTIFF'S COMPLAINT

**A. Federal Screening Standard**

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 the plaintiff must allege that 1) he was deprived of a right secured by the Constitution or laws of the United States, and 2) the deprivation was caused by the defendants acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of North Fond du Lac*, 384

F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**B. Plaintiff's Allegations**

Plaintiff states that he has a prosthetic leg. In light of this, when he first arrived at Green Bay Correctional Institution, he was placed in a dorm that had special showers for disabled people. He states that, at some point later, he was placed in segregation due to an altercation he had with another person. Upon his release from segregation on June 14, 2018, he was placed in the general population. This area did not have special showers for inmates with disabilities.

Plaintiff asserts that he informed Sergeant Cook that same day that he could not use the general population showers due to his disability. Cook responded that he would talk with the health services unit (HSU).

Plaintiff also wrote to Jean Lutsey, the health services manager, regarding his disability and need to shower in the dorm or the HSU. He states that "Lutsey did not resolve the matter on June 16, 2018," and that Cook told him he "had to use the cell hall bathhouse to shower." ECF No. 1 at 3.

When Plaintiff went to use the shower, he saw that Sergeant Segerstrom was supervising the shower. Segerstrom was aware of Plaintiff's disability because he had worked in the dorm presumably when Plaintiff had been housed there. Plaintiff told Segerstrom that he could not use the general population shower because of his disability of having only one leg. Segerstrom gave Plaintiff three chairs for balance to use while he showered. Plaintiff, however, slipped and fell

3

"hitting the left side of [his] head and hip" while attempting to shower. *Id.* at 4. He was wheeled to HSU for treatment, given a shower in HSU, and placed in a dorm.

Plaintiff subsequently filed this lawsuit seeking injunctive relief and compensatory and punitive damages.

**C. Analysis**

"The Eighth Amendment safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'" *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (quoting *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009)). If prison officials are "deliberately indifferent to prisoners' serious medical needs," *id.*, or they "act with 'deliberate indifference' to a substantial risk of serious harm to an inmate['s]" health or safety, *Farmer v. Brennan*, 511 U.S. 825, 828 (1994) (citation omitted), then they violate the Constitution. A claim based on deficient medical care must demonstrate 1) an objectively serious medical condition or serious harm and 2) an official's deliberate indifference to that condition or harm. *Farmer*, 511 U.S. at 834; *Arnett*, 658 F.3d at 750.

A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)). As for the second subjective component of a claim of deliberate indifference, the Supreme Court has held that a plaintiff must show that the official was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and he drew that inference. *Farmer*, 511 U.S. at 837. Inadvertent error, negligence, gross negligence, or even ordinary malpractice are insufficient grounds for invoking the Eighth Amendment. *Vance v.*

*Peters*, 97 F.3d 987, 992 (7th Cir. 1996). Indeed, a prison official has a sufficiently culpable state of mind when the official "knew of a substantial risk of harm to the inmate and acted or failed to act in disregard of that risk." *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006) (citing *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002)).

In this case, Plaintiff alleges he had a serious physical impairment, i.e., the loss of at least a portion of his leg, not a medical need that required treatment. He alleges that the defendants acted with deliberate indifference towards his physical disability because they did not transfer him to the dorm or the HSU to allow him to take a shower after he was released into the general population from segregation. Plaintiff alleges that the dorm and HSU have special showers for inmates with disabilities. Instead, he was assigned to the cell hall, which did not have handicap accessible showers. As a result, Plaintiff alleges that he fell and injured himself while trying to shower.

Generally, an accidental slip and fall by a prisoner does not give rise to a civil rights action. *See Pyles v. Fahim*, 771 F.3d 403, 410–11 (7th Cir. 2014) (holding that slip-and-fall accidents almost never give rise to constitutional claims); *see also Coleman v. Sweetin*, 745 F.3d 756, 764 (5th Cir. 2014) (per curiam) (agreeing with district court that, as a matter of law, "prisoner slip-and-fall claims almost never serve as the predicate for constitutional violations," thus upholding sua sponte dismissal of deliberate-indifference claim brought by inmate who slipped and fell in shower); *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (upholding dismissal at summary judgment of Eighth Amendment claim brought by inmate who attributed slip-and-fall to standing water in shower, since "slippery floors constitute a daily risk faced by members of the public at large"); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (reasoning that, even if shackled inmate might fall on wet floor while showering, allegations of "slippery prison floors" do not state

5

"even an arguable claim for cruel and unusual punishment" (quoting *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989))).

These cases, however, did not involve an inmate with a prosthetic leg. Moreover, it is not clear from the complaint why Plaintiff was denied the use of a handicap accessible shower if, as Plaintiff alleges, one was readily available. These facts lead me to conclude that Plaintiff's claim should be allowed to go forward, at least beyond the pleading stage. But that does not mean he is likely to prevail, even if the allegations of his complaint are true. *See Reynolds*, 370 F.3d at 1031 (affirming summary judgment on claim arising out of fall in shower by inmate on crutches, even though inmate had specifically previously warned defendants that he was at heightened risk of falling).

I also note that even under Plaintiff's account, Sergeant Segerstrom did not ignore his disability. By Plaintiff's own account, Sergeant Segerstrom attempted to accommodate Plaintiff's disability by providing him with chairs for balance while he showered. This fact strongly suggests that at least Sergeant Segerstrom was not indifferent to his disability. But without a more developed record concerning why Plaintiff was not allowed the use of a handicap accessible shower and what authority Sergeant Segerstrom may have had over cell assignments, Plaintiff's Eighth Amendment claim will proceed even as to him.

Plaintiff also claims the defendants violated his Fourteenth Amendment right to equal protection of the law. Traditionally, the Equal Protection Clause is understood as protecting members of vulnerable groups from unequal treatment attributable to the state, but it also proscribes state action that irrationally singles out and targets an individual for discriminatory treatment as a so-called "class-of-one." *LaBella Winnetka, Inc. v. Village of Winnetka*, 628 F.3d 937, 941 (7th Cir.

2010). "All equal protection claims, regardless of the size of the disadvantaged class, are based on the principle that, under like circumstances and conditions, people must be treated alike, unless there is a rational reason for treating them differently." *Id.* (citing *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 601–02 (2008)). Thus, even a class-of-one equal protection claim requires an allegation that the plaintiff "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Plaintiff has failed to allege that he was treated differently from others similarly situated. His allegation that his right to equal protection of the law was violated is merely a legal conclusion without any factual support alleged. Absent some factual matter alleged to support it, the equal protection claim must be dismissed. *Iqbal*, 556 U.S. at 678. The dismissal is without prejudice, however, since it is based on a pleading failure. If Plaintiff can offer any factual allegation to show that he has been intentionally treated differently than other inmates who are similarly situated and there was no rational basis for such treatment, he may file an amended complaint. For now, though, only his Eighth Amendment claim will proceed against the named defendants.

## CONCLUSION

**THEREFORE, IT IS ORDERED** that Plaintiff's motion to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this court, the clerk's office shall electronically send copies of the plaintiff's complaint and this order to the Wisconsin Department of Justice for service on defendants Jean Lutsey, Sgt. Segerstrom, and Sgt. Cook.

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this court, defendants Jean Lutsey, Sgt. Segerstrom, and Sgt. Cook shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $343.43 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If Plaintiff transfers to another county, state, or federal institution, the transferring institution shall forward a copy of this order, along with his remaining balance, to the receiving institution. The court will send a copy of this order to the officer in charge of the agency where Plaintiff is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that, under the Prisoner E-Filing Program, Plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. If Plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises Plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to prosecute. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

**IT IS FURTHER ORDERED** that this case be **RETURNED** to United States Magistrate Judge Nancy Joseph for further proceedings.

Dated this  18th  day of October, 2018.

                                                  s/ William C. Griesbach
                                                William C. Griesbach, Chief Judge
                                                United States District Court